Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
MONSTER ENERGY COMPANY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| MONSTER ENERGY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JIM O'NEAL DISTRIBUTING, INC., a California corporation, and O'NEAL EUROPE GMBH & CO. KG f/k/a 2WHEEL-DISTRIBUTION GMBH & CO. KG, a German limited liability company,<br><br>Defendants. | Civil Action No. 5:14-cv-01327-JGB (SPx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br><br>Date: June 15, 2015<br>Time: 11:00 a.m.<br>Crtrm: 1<br><br>**Hon. Jesus G. Bernal** |

Brad Jefferson Landon (SBN 176,128)
brad@bluejeanlawyer.com
BRAD JEFFERSON LANDON, APC
43218 Business Park Drive, Suite 108
Temecula, CA 92590
Phone: (951) 677-7774
Facsimile: (951) 824-7566

James E. Doroshow (SBN 112920)
jdoroshow@foxrothschild.com
Ashe Puri (SBN 297814)
apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310-598-4150

Attorneys for Defendants
JIM O'NEAL DISTRIBUTING, INC.
And O'NEAL EUROPE GMBH & CO. KG

Pursuant to this Court's April 22, 2015 "Order Setting Scheduling Conference" (Docket No. 24), Federal Rule of Civil Procedure 26(f), and Local Rule 26-1, counsel for Plaintiff Monster Energy Company ("MEC") and Defendants Jim O'Neal Distributing Inc. and O'Neal Europe GmbH & Co. KG (collectively, "O'Neal") began conferring on February 4, 2015, regarding a discovery plan and other topics that these rules contemplate. The parties now submit the following Rule 26(f) report.

**A.  Statement of Case**

This is a trademark infringement, trademark counterfeiting, false designation of origin, trademark dilution, trade dress infringement, unfair competition, copyright infringement, and breach of contract case filed by MEC against O'Neal.

MEC markets and sells beverages, including MEC's MONSTER™ line of energy drinks.  The containers of MEC's MONSTER™ line of energy drinks bear MEC's ⓜ® mark ("Claw Icon Mark") and MEC's MONSTER™ mark and/or MONSTER ENERGY® mark.  Many of the containers also bear MEC's MONSTER Trade Dress.  MEC also uses its Claw Icon Mark, MONSTER™ mark, MONSTER ENERGY® mark, and/or MONSTER Trade Dress in connection with other items, such as clothing and helmets.  O'Neal markets and sells clothing and accessories, such as helmets, jerseys, pants, and gloves.

Following a previous litigation between MEC and O'Neal USA filed by MEC in 2009, the parties entered into a settlement agreement and trademark license agreement.  The agreements authorized O'Neal USA to use certain of MEC's trademarks in connection with specfic products in limited quantities and for a limited period of time.  In the present lawsuit, MEC alleges that Defendants, without permission from MEC, continued to sell items (including, for example, helmets, gloves, and apparel) bearing MEC's trademarks and trade dress after the license agreement terminated and violated MEC's tradmark, trade

dress and copyright rights and committed breach of contract.

O'Neal denies MEC's claims. O'Neal has also asserted the following affirmative defenses: (1) Failure To State A Claim, (2) Non-Infringement Of Trademark, Copyright, And Trade Dress, (3) No Infringement In The United States, (4) Nondistinctive Trade Dress, (5) Functionality, (6) Absence of Confusion, (7) Generic Trade Dress, (8) Non-Infringement Of Trade Dress, (9) Abandonment of Trademark, Copyright, And Trade Dress, (10) Fair Use, (11) Waiver, Estoppel, Unclean Hands, And/Or Laches, (12) Statute Of Limitations, (13) Innocent Infringement, (14) Absence Of Irreparable Harm, (15) Inequitable Relief, (16) No Causation, (17) No Damage, (18) No Mitigation, (19) Improper Venue, (20) Lack Of Personal And Subject Matter Jurisdiction, (21) License Or Consent, (22) Good Faith, (23) No Copyright Protection, (24) Not An Original Or Creative Copyrighted Work, (25) No Damages Recoverable, (26) Invalidity Or Unenforceability Of Marks, (27) Generic Or Descriptive Marks, and (28) Reservation Of Additional Defenses. O'Neal USA has also alleged the following declaratory judgment counterclaims: (1) Non-Infringement Of Marks, Trade Dress, And Copyright In Suit, (2) Invalidity Of The Asserted Marks, Alleged Trade Dress, and Copyrights, and (3) Non-Infringement Of MEC's Alleged Federal Trade Dress Under The Lanham Act.

**B.     Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over MEC's federal claims for trademark infringement, trademark counterfeiting, false designation of origin, trademark dilution, and trade dress infringement pursuant to 15 U.S.C. 1116 and 1121(a). The Court also has original subject matter jurisdiction over those claims and MEC's copyright infringement claim pursuant to 28 U.S.C. § 1331 and 1338(a), as the claims arise under the laws of the United States. The Court has supplemental jurisdiction over MEC's claims for California statutory and common law unfair competition and claim for breach of contract pursuant to 28

U.S.C. § 1367(a), because the claims are so related to MEC's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. The Court has subject matter jurisdiction over O'Neal USA's declaratory judgment counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 and 15 U.S.C. § 1051 *et seq*.

### C.     Legal Issues

The parties are not presently aware of any unusual substantive, procedural or evidentiary issues. The key issues in the case will be the issues relating to MEC's claims for trademark infringement, trademark counterfeiting, false designation of origin, trademark dilution, trade dress infringement, unfair competition, copyright infringement, and breach of contract, the relief sought by MEC (including injunctive relief), and the defenses raised by O'Neal.

### D.     Parties, Evidence, Etc.

The Plaintiff in this case is Monster Energy Company. Monster Beverage Corporation is the parent of MEC. Monster Beverage Corporation also has various other subsidiaries, a listing of which can be found at http://www.sec.gov/Archives/edgar/data/865752/000110465915015731/a14-25746_1ex21.htm. Also, in connection with a previously announced transaction involving the Coca-Cola Company, Coca-Cola is expected to acquire approximately 16.66% of common stock of Monster Beverage Corporation.

The Defendants in this case are Jim O'Neal Distributing, Inc., a California corporation ("O'Neal USA") and O'Neal Europe GMBH & Co., KG f/k/a 2 Wheel Distribution GMBH & Co. and KG, a German limited liability company ("O'Neal Europe").

Witnesses that MEC may call in this case include:

(1) Rodney Sacks. Mr. Sacks is the Chairman of the Board and Chief Executive Officer of MEC. Mr. Sacks has knowledge regarding the use of MEC's marks and trade dress at issue in this case. He also has knowledge

regarding MEC's products bearing the marks and trade dress at issue, the market for MEC's products, MEC's promotion of its products and marks, and prior dealings between MEC and O'Neal.

(2) Thomas J. Kelly. Mr. Kelly is the Senior Vice President of Finance at MEC. Mr. Kelly has knowledge regarding MEC's sales and financial information that may be relevant to MEC's damages claims in this case.

(3) Bruce Kingsland. Mr. Kingsland is the Director of Global Brand Protection & Corporate Investigations at MEC. Mr. Kingsland has knowledge regarding O'Neal's offering for sale and sale of items bearing MEC's trademarks and trade dress.

(4) MEC also expects to call one or more expert witnesses to testify on issues relating to MEC's claims, including an expert on the issue of damages.

Key documents that MEC may rely upon to support its claims include: (1) samples and photographs of MEC's products and/or labels bearing MEC's marks and trade dress at issue in this case; (2) advertising, promotional and/or point-of-sale materials for MEC's products bearing the marks and trade dress at issue in this case; (3) documents evidencing MEC's extensive use of the marks and trade dress at issue in this case; (4) MEC's U.S. Trademark Registrations and U.S. Copyright Registrations identified in MEC's Complaint; (5) documents relating to O'Neal's business and its infringing uses of MEC's marks, trade dress, and copyrighted works; and (6) prior agreements between MEC and O'Neal.

Witnesses that O'Neal may call in this case include:

(1) Thomas Schwartz, President of O'Neal Europe. Mr. Schwartz has knowledge about O'Neal Europe's products sales and communications between the parties relating to O'Neal Europe's sales and activities outside the United States.

(2) Frank Kashare, President of O'Neal USA. Mr. Kashare has knowledge regarding the prior litigation between the parties, the settlement of that lawsuit, agreements between the parties to resolve it, and O'Neal USA's compliance with those agreements.

Key documents that O'Neal may rely upon in its defense include:

License and Settlement Agreement dated July 12, 2009 and emails between the parties.

**E.   Damages**

MEC seeks damages and/or O'Neal's profits arising out of O'Neal's infringement and other unlawful acts. MEC needs discovery regarding the extent of O'Neal's sales in order to estimate a range of damages to which MEC is entitled. MEC is also alternatively seeking statutory damages pursuant to 17 U.S.C. § 504, which allows for damages up to $30,000 per work or damages up to $150,000 if the infringement was committed willfully and pursuant to 15 U.S.C. § 1117(c), which allows for damages up to $200,000 per counterfeit mark per type of goods sold or damages up to $2,000,000 per counterfeit mark per type of goods sold if the infringement was committed willfully.

**F.   Insurance**

MEC is not aware of any insurance coverage it has applicable to this case.

Defendants are not currently aware of any insurance coverage applicable to this case.

**G.   Motions**

The parties do not presently expect to add any additional parties to this case or amend the pleadings, but reserve the right to do so in the event that discovery discloses facts justifying the addition of parties or amendment to the pleadings.

/ / /

/ / /

### H. Manual for Complex Litigation

The parties do not believe the procedures of the Manual for Complex Litigation should be utilized in this case.

### I. Status of Discovery

The parties have been engaged in settlement discussions, and have not yet commenced serving discovery.

### J. Discovery Plan

The parties agreed to exchange Fed. R. Civ. P. Rule 26(a) initial disclosures on March 4, 2015. MEC served its initial disclosures on that date. O'Neal served its initial disclosures on May 20, 2015.

The parties agree that fact discovery should be completed first, followed by expert discovery. The parties otherwise agree that discovery does not need to be conducted in phases or in a certain order. A proposed schedule that includes deadlines for completing fact and expert discovery, as well as for serving expert reports, is set forth in the sections below. The parties do not believe that any modifications need to be made to the limitations on discovery imposed by the Federal or Local Rules.

MEC believes that the subjects of discovery are likely to include at least the following: (1) the O'Neal items bearing MEC's trademarks or trade dress; (2) facts regarding the advertisement, promotion, and sale of products by O'Neal bearing MEC's trademarks or trade dress; (3) financial information regarding the products offered and sold by O'Neal bearing MEC's trademarks or trade dress; (4) facts relevant to assessing the likelihood of consumer confusion; (5) O'Neal's intent in advertising, promoting, and selling items bearing MEC's trademarks or trade dress; (6) any other facts relevant to the damages to which MEC is entitled; and (7) facts relevant to O'Neal's affirmative defenses.

O'Neal believes that the subjects of discovery are likely to include at least the following: (1) the parties' agreements and Defendants compliance with them; (2) the absence of any trademark or trade dress, or other liability; (3) MEC's knowledge of and consent to Defendants' actions; and (4) the absence of any damages or injury to MEC.

The parties do not believe that this case poses any unique issues relating to the disclosure or discovery of electronically stored information. The parties have discussed certain electronic discovery issues and agree that electronically stored information should be produced as .tiff files with OCR and database load files for Concordance, with the understanding that, for good cause, a party may request that specific documents be produced in native format if a .tiff file is not sufficient.

The parties intend to file a proposed Protective Order to govern the exchange and disclosure of confidential information in this case.

**K.     Discovery Cut-Off**

The parties propose March 14, 2016 as the final day for completion of fact discovery, including resolution of all fact discovery motions. The parties propose June 13, 2016 as the final day for completion of expert discovery, including resolution of all expert discovery motions.

**L.     Expert Discovery**

The parties propose that opening expert reports be served by April 11, 2016 on those issues which a party bears the burden of proof and that rebuttal expert reports be served by May 23, 2016. The parties propose June 13, 2016 as the final day for completion of expert discovery.

**M.     Dispositive Motions**

MEC believes that, once it has had an opportunity to conduct discovery, it may file a motion for summary judgment on the claims asserted in MEC's Complaint and/or on one or more of O'Neal's affirmative defenses and

-7-

1 counterclaims.

2     O'Neal believes that, once it has an opportunity to conduct discovery, it will file a motion for summary judgment on the claims asserted in MEC's Complaint.

**N. Settlement/Alternative Dispute Resolution (ADR)**

    The parties recommend Settlement Procedure No. 3 under Local Rule 16-15.4 – participation in a non-judicial settlement or mediation proceeding conducted by a retired judicial officer or other private or non-profit dispute resolution body. The parties propose that the mediation be completed by August 15, 2016. The parties have discussed the possibility of settlement and are continuing to explore potential settlement of this matter.

**O. Trial Estimate**

    The parties anticipate that trial in this case will be 4-6 Court days.

**P. Trial Counsel**

    The attorneys for MEC who will try this case are Lynda Zadra-Symes and Matthew Bellinger.

    The attorneys for O'Neal who will try this case are James Doroshow and Ashe Puri.

**Q. Independent Expert or Master**

    The parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**R.     Timetable**

The parties propose the following case schedule:[1]

| Event | Date |
|---|---|
| Deadline to File Motions to Amend Pleadings | November 9, 2015 |
| Fact Discovery Cut-Off | March 14, 2016 |
| Serve Opening Expert Reports (based on burden of proof) | April 11, 2016 |
| Serve Rebuttal Expert Reports | May 23, 2016 |
| Expert Discovery Cut-Off | June 13, 2016 |
| Motion Hearing Cut-Off | July 25, 2016 |
| Settlement Conference Deadline | August 15, 2016 |
| Pretrial Conference | September 12, 2016 |
| Trial | September 27, 2016 |

The parties have attached as Exhibit A a completed copy of the Court's Schedule of Trial Dates form.

**S.     Other Issues**

The parties are not presently aware of other matters affecting the status of the case.

/ / /

/ / /

---

[1] The parties recognize that the case deadlines they are proposing may be longer than the Court might normally grant. The reason for the longer proposed schedule is because lead defense counsel (Mr. Landon) is experiencing a family emergency associated with a serious illness of his wife. Because Mr. Landon's wife's treatment may require ongoing treatment for the forseeable future, and require Mr. Landon's ongoing attention and support, the parties and their counsel are asking the Court to schedule deadlines that are longer than the Court may customarily grant.

-9-

|    |                       |                                             |
|----|-----------------------|---------------------------------------------|
| 1  |                       | Respectfully submitted,                     |
| 2  |                       | KNOBBE, MARTENS, OLSON & BEAR, LLP          |
| 3  |                       |                                             |
| 4  | Dated: May 28, 2015   | By: */s/ Matthew S. Bellinger*              |
|    |                       | Lynda J. Zadra-Symes                        |
| 5  |                       | Matthew S. Bellinger                        |
| 6  |                       | Attorneys for Plaintiff                     |
| 7  |                       | MONSTER ENERGY COMPANY                      |
| 8  |                       |                                             |
| 9  |                       |                                             |
| 10 |                       | FOX ROTHSCHILD LLP                          |
| 11 | Dated: May 28, 2015   | By: */s/ James E. Doroshow (with permission)* |
| 12 |                       | James E. Doroshow                           |
| 13 |                       | Attorneys for Defendants                    |
| 14 |                       | JIM O'NEAL DISTRIBUTING, INC. and           |
|    |                       | O'NEAL EUROPE GMBH & CO. KG                 |

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# JUDGE JESUS B. BERNAL
## EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 5:14-cv-01327-JGB-SP |
|---|---|
| Case Name | Monster Energy Company v. Jim O'Neal Distributing, Inc., et al. |

| Matter | Plaintiff's Request mo/day/year | Defendant's Request mo/day/year | Court's Order |
|---|---|---|---|
| X Jury Trial or ☐ Court Trial (Tuesday at 9:00 a.m.) Length: _____ Days | 9/27/16 | | |
| Final Pretrial Conference L.R. 16] and Hearing on Motions In Limine (Monday − two (2) weeks before trial date) | 9/12/16 | | |
| Last Date to Conduct Settlement Conference | 8/15/16 | | |
| Last Date to Hear Non-discovery Motions (Monday at 9:00 a.m.) | 7/25/16 | | |
| All Discovery Cut−Off (including hearing all discovery motions) | 3/14/16 (fact) 6/13/16 (expert) | | |
| Expert Disclosure (Rebuttal) | 5/23/16 | | |
| Expert Disclosure (Initial) | 4/11/16 | | |
| Last Date to Amend Pleadings or Add Parties | 11/9/15 | | |

20605652

-11-